

Baker & McKenzie LLP

815 Connecticut Avenue NW
Washington, DC 20006
United States

Tel: +1 202 835-4250
Fax: +1 202 416-7055
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Munich
Paris
Prague
Riyadh*
Rome
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Los Angeles
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Washington, DC

* Associated Firm
** In cooperation with
Trench, Rossi e Watanabe
Advogados

September 20, 2023

**VIA EMAIL AND ELECTRONIC FILING**       By email: sussmanl@sussman.law

Michael H. Sussman, Esq.
Sussman & Goldman
PO Box 1005
1 Railroad Avenue, Ste. 6
Goshen, NY 10923

RE:    Alameda et al. v. Association of Social Work Boards
       (S.D.N.Y., Case No. 7:23-CV-06156-KMK)

Counsel:

Pursuant to Section II(A) of Judge Karas's Individual Rules of Practice, we write on behalf of the defendant in the above action, the Association of Social Work Boards ("ASWB"), to set forth the grounds upon which ASWB intends to move to dismiss the putative class action filed by Tara Alameda, Kameca Balan, and Debbie Hamell-Palmer (collectively "Plaintiffs") for failure to state a claim.

Your clients are three individuals who have taken one of ASWB's uniform, entry-level competence examinations unsuccessfully. They allege that ASWB's Licensed Master Social Worker exam and its Licensed Clinical Social Worker exam (the "Exams") are unlawfully discriminatory because data recently released by ASWB shows that there are disparities in the pass rates of white test takers, as compared to Hispanic and Black test takers. (Compl. ¶¶ 36-40.) The Complaint alleges that, because of this alleged disparate impact, ASWB has violated Title VII of the Civil Rights Act of 1964 and Section 1981 of the Civil Rights Act of 1866. But Plaintiffs' legal claims are so woefully deficient that they must be dismissed as a matter of law.

*First*, Plaintiffs cannot state a Title VII claim because ASWB is not their employer, and they are not ASWB's employees—a fundamental requirement of any Title VII claim. *Second*, Plaintiffs' Section 1981 claim must be dismissed because Plaintiffs do not allege, and cannot credibly allege, intentional discrimination, as is required to maintain such a claim. Instead, Plaintiffs attempt to allege a "disparate impact" theory under Section 1981. That is not a viable claim. These fatal deficiencies cannot be cured, and amending the Complaint would therefore be futile. Accordingly, by this letter, ASWB requests that Plaintiffs withdraw their Complaint with prejudice, which will spare the Court and the parties the unnecessary resources required to litigate a motion to dismiss.

**Plaintiffs' Complaint Fails To State A Claim As A Matter Of Law**

**I.     Plaintiffs' Title VII Claim Fails Because ASWB Is Not Their "Employer."**

Title VII of the Civil Rights Act of 1964, 42 USC §§ 2000e *et seq.*, prohibits an "employer" from discriminating "against any individual with respect to his compensation, terms, conditions or

privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 USC § 2000e-2.  "[T]he existence of an employer-employee relationship is a primary element of Title VII claims." *Gulino v. New York State Educ. Dep't.*, 460 F.3d 361, 370 (2d Cir. 2006); *see also Felder v. United States Tennis Ass'n*, 27 F.4th 834, 838 (2d Cir. 2022).

In determining whether an employer-employee relationship exists, the Second Circuit applies a two-part test. *See United States v. City of New York*, 359 F.3d 83, 91 (2d Cir. 2004) (citing *O'Connor v. Davis*, 126 F.3d 112, 115 (2d Cir. 1997)).  The plaintiff must first prove that she was "hired by the putative employer."  *City of New York*, 359 F.3d at 92.  To do this, a plaintiff must establish that she "received remuneration in some form for her work."  *Id.*  Although the remuneration does not have to be a salary, it must "consist of 'substantial benefits not merely incidental to the activity performed."  *Id.* (quoting *York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 126 (2d Cir. 2002)).  This "compensation by the putative employer to the putative employee in exchange for his services . . . is an essential condition to the existence of an employer-employee relationship." *O'Connor*, 126 F.3d at 116 (citations omitted).

Once the plaintiff establishes that her putative employer remunerated her for her work, the Court must then evaluate thirteen factors articulated by the Supreme Court in 1989 (derived from the federal common law of agency) to determine whether an employment relationship exists.  *City of New York*, 359 F.3d at 92 (citing *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989) and *Eisenberg v. Advance Relocation and Storage, Inc.*, 237 F.3d 111, 113-14 (2d Cir. 2000)).  These factors include such things as the hiring party's right to control the manner and means by which the work is accomplished, the source of the employee's instrumentalities and tools, whether the hiring party has the right to assign additional projects to the hired party, the extent of the hired party's discretion over when and how long to work, and other factors that have absolutely no bearing on ASWB's relationship with the Plaintiffs or any other test taker.

Plaintiffs do not allege that they were ever hired by ASWB or that ASWB constitutes their "employer" under Title VII, and they could not credibly do so.  Instead, Plaintiffs affirmatively plead that a *different* entity was their "employer."  (Compl. ¶¶ 17-19, 21-22, 26.)  For example, Plaintiff Alameda alleges that "her employer," which was a school, "terminated her employment effective July 1, 2021."  (Compl. ¶ 18.)  Plaintiffs have also not alleged, nor could they allege, that they ever received any remuneration in the form of salary or substantial benefits from ASWB in exchange for services.  To the contrary, as Plaintiffs concede through their own allegations, ASWB is a company[1] that develops and administers the national licensure examinations required to become a licensed social worker.  (Compl. ¶¶ 6, 30.)  Far from receiving remuneration from ASWB for services they performed, Plaintiffs each allege that they entered into a contract and paid a fee to ASWB to take one of the Exams.  (*Id.* at ¶¶ 46-47.)  Courts addressing comparable situations involving claims by test takers have consistently declined to find the existence of an employer-employee relationship.  *See*, *e.g.*, *Gulino*, 460 F.3d at 379 (explaining that organizations that set baseline qualifications for licensed public school teachers "[do] not exercise the workaday supervision necessary [for] an employment relationship"); *Ass'n of MexicanAm. Educators v. Cal.*, 231 F .3d 572, 583 (9th Cir. 2000) (explaining that "Title VII does not apply when the only connection among the licensing agency, the plaintiff, and the universe of prospective employers is the agency's implementation of a general licensing examination."); *Woodard v. Virginia Bd. of Bar Exam'rs*, 420 F. Supp. 211, 212 (E.D. Va. 1976), *aff'd*, 598 F.2d 1345 (4th Cir. 1979) (holding that "Title VII, by its own terms, does not apply to the bar examination by its own terms").

Applying the Second Circuit's two-part test to the instant case, Plaintiffs have not alleged, and cannot credibly establish, an employer-employee relationship with ASWB, which is a fundamental element of a Title VII claim.

---

[1] Plaintiffs incorrectly allege that ASWB is a "for-profit agency" (Compl. ¶ 6), when it is actually a non-profit corporation.

*See O'Connor*, 126 F.3d at 115-16.  Accordingly, Plaintiffs should withdraw their Title VII claims with prejudice.

### II. Plaintiffs' Section 1981 Claim Fails Because Plaintiffs Have Not Alleged (and Cannot Allege) Intentional Discrimination.

To state a claim under 42 U.S.C. § 1981, a plaintiff must allege facts demonstrating (1) that the plaintiff is a member of a racial minority; (2) the defendant's intent to discriminate on the basis of race; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts.  *Felder,* 27 F.4th at 848.  In light of these requirements, it is well settled that Section 1981 "can be violated only by purposeful discrimination."  *General Building Contractors Association Inc., v. Pennsylvania*, 458 U.S. 375, 391 (1982).  Thus, to withstand a motion to dismiss a Section 1981 claim, a plaintiff "must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent" because "a showing of intentional discrimination is fundamental to the statement of a racial or ethnic origin discrimination claim under section 1981."  *Raymond v. City of New York*, 317 F. Supp. 3d 746, 761 (S.D.N.Y. 2018).

Here, Plaintiffs have not alleged a single fact that would support a finding that ASWB intended to discriminate against minority test takers.  Instead, Plaintiffs base their claim on a "disparate impact" theory, alleging that ASWB violated Section 1981 by developing and administering exams that "show significant racial disparities in results." (Compl. ¶45.)  Because Section 1981 applies only to *intentional* discrimination, however, a claim based on purported disparate impact fails as a matter of law.  *See*, *e.g.*, *Clyburn v. Shields*, 33 Fed. App'x. 552, 555 (2d Cir. 2002) (upholding dismissal of claims that were based on allegation that law school discriminated against applicants by relying on a standardized admissions exam that disadvantages minorities).  Actionable discriminatory intent requires that the defendant "selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group."  *Id*. (quoting *Personnel Administrator v. Feeny*, 442 U.S. 256, 279 (1979)).  The Complaint is devoid of any factual allegations that meet this burden.

In sum, Plaintiffs have failed to state a cognizable intentional discrimination claim under Section 1981.  And as with Plaintiff's Title VII claim, amendment here would be futile.  Plaintiffs have not alleged and cannot allege any facts that would support a conclusion that ASWB has intentionally discriminated against anyone.

\*   \*   \*

For the foregoing reasons, and without waiving any other available arguments or defenses, ASWB urges Plaintiffs to withdraw their Complaint in its entirety and with prejudice because any proposed amendments would be futile.  Please advise as to how Plaintiffs intend to proceed, consistent with Judge Karas' Rule II(A).

Sincerely,

*[signature]*

Jennifer Ancona Semko

cc: The Honorable Kenneth M. Karas, U.S.D.J. (via ECF)
     Jeffrey A. Sturgeon, Esq. - Baker & McKenzie LLP (via email)
     Kelechi E. Okengwu, Esq. - Baker & McKenzie LLP (via email)