

**Baker & McKenzie LLP**

815 Connecticut Avenue NW
Washington, DC 20006
United States

Tel: +1 202 835-4250
Fax: +1 202 416-7055
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Munich
Paris
Prague
Riyadh*
Rome
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Los Angeles
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Washington, DC

* Associated Firm
** In cooperation with
Trench, Rossi e Watanabe
Advogados

October 10, 2023

VIA EMAIL AND ELECTRONIC FILING       Via email: sussman1@frontiernet.net

Michael H. Sussman, Esq.
Sussman & Goldman
PO Box 1005
1 Railroad Avenue, Ste. 6
Goshen, NY 10923

RE:   Alameda et al. v. Association of Social Work Boards
      (S.D.N.Y., Case No. 7:23-CV-06156-KMK)

Counsel:

We are in receipt of your September 26, 2023 letter and Plaintiffs' First Amended Complaint ("FAC") filed against the Association of Social Work Boards ("ASWB"). We note that the FAC remains largely unchanged, does not remedy any of the shortcomings identified in ASWB's prior pre-motion letter, and still does not state a claim. Thus, we write once again to set forth the grounds upon which ASWB intends to move to dismiss the Amended Complaint for failure to state a claim.

First, Plaintiffs still cannot state a Title VII claim because they have failed to allege facts sufficient to establish their new theory that ASWB is an "employment agency" as that term is defined under Title VII. Second, Plaintiffs' Section 1981 claim fails for the same reason articulated in our initial pre-motion letter—Plaintiffs cannot credibly allege intentional discrimination, as is required to maintain such a claim. Finally, Plaintiffs' new allegation that ASWB has violated the New York State Human Rights Law ("NYSHRL") lacks merit because Plaintiffs have not alleged (and cannot allege) that ASWB is their employer. Accordingly, ASWB once again requests that Plaintiffs withdraw their Complaint with prejudice, which will spare the Court and the parties the unnecessary resources required to litigate a motion to dismiss.

**Plaintiffs' Amended Complaint Fails To State A Claim As A Matter Of Law**

### I.   Plaintiffs' Title VII Claim Fails Because ASWB Is Not An "Employment Agency."

Recognizing (as they must) that ASWB is not their employer, Plaintiffs have revised their legal theory to now assert that ASWB is liable under Title VII as an "employment agenc[y]." But Title VII defines an "employment agency" to mean "any person *regularly undertaking* with or without compensation *to procure employees for an employer or to procure for employees opportunities to work for an employer*." 42 U.S.C. § 2000e(c) (emphasis added). The plain meaning of this definition makes clear that, "to be considered an employment agency" for the purpose of Title VII, an entity "must regularly undertake to procure opportunities for employees to work for an employer." *See Covington v. Hamilton Twp. Bd. of Educ.*, No. CIV. 08-3639 FLW, 2015 WL 3746338, at *15 (D.N.J. June 15, 2015) (rejecting argument that Board of Education that assigned plaintiff basketball referee to area school district basketball games was an "employment agency"). *See also, Bonaby v. New York City Taxi & Limousine Comm'n*, No.

02 CIV. 5423 (LAP), 2003 WL 21649453, at *4 (S.D.N.Y. July 14, 2003) (holding that a taxi commission is not an employment agency because it does not procure employers or jobs for its licensees); *Nat'l Org. for Women, New York Chapter v. Waterfront Comm'n of New York Harbor*, 468 F. Supp. 317, 320 (S.D.N.Y. 1979) (licensing commission is not an employment agency for Title VII purposes because it does not undertake to obtain workers for employers or jobs for workers); *Delgado v. McTighe*, 442 F. Supp. 725, 730 (E.D. Pa. 1977) (state board of bar examiners is not employer or employment agency because there is no employer-employee relationship between examiners and test takers).

Plaintiffs allege no facts demonstrating that ASWB could possibly meet this definition of an "employment agency." Plaintiffs concede that ASWB is a company that develops and administers the examinations required to become a licensed social worker. (FAC at ¶ 6.) The FAC does not allege any facts supporting the conclusion that ASWB is in the business of procuring jobs for social workers, much less that ASWB had any role in facilitating Plaintiffs' relationship with their current and past employers. Indeed, Plaintiffs do not even allege (nor could they) that ASWB is even aware of the identity of their employers.

Plaintiffs' contention that ASWB "by and through its examinations . . . procures for employees the opportunity to work for a myriad of employers" (FAC ¶ 48) attempts to stretch the meaning of "employment agency" beyond recognition. Following Plaintiffs' logic, any third party involved in any way with an individual's educational and professional path to employment as a social worker would be deemed an "employment agency," which is a ludicrous result. It is therefore no surprise that your September 26, 2023 letter fails to cite a single case in which a court has found an entity like ASWB to be an employment agency.[1] Because Plaintiffs have failed to allege any facts sufficient to establish their new theory, their Title VII claim fails as a matter of law and must be withdrawn.

## II.    Plaintiffs' Section 1981 Claim Fails Because Plaintiffs Still Have Not Sufficiently Alleged (and Cannot Allege) Intentional Discrimination.

As we pointed out in our prior letter, to state a claim under 42 U.S.C. § 1981 a plaintiff must specifically allege "events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent" because "a showing of intentional discrimination is fundamental to the statement of a racial or ethnic origin discrimination claim under section 1981." *Raymond v. City of New York*, 317 F. Supp. 3d 746, 761 (S.D.N.Y. 2018). Plaintiffs still have not alleged any facts that give plausible support to a minimum inference of discriminatory intent.

Plaintiffs have amended their complaint by adding the word "intentional" to certain paragraphs, as if that were sufficient to cure the deficiencies in the original complaint. (*See* FAC ¶¶ 39, 52, 56, 62.) The FAC remains devoid of any factual allegations that would support a finding that ASWB intended to discriminate against minority test takers. Instead, Plaintiffs contend that the ASWB's continued offering of exams with a disparate impact alone is enough to constitute intentional discrimination. (*Id*. at ¶ 52.) But actionable discriminatory intent requires "more than intent as volition or intent as awareness of consequences; it involves a decision maker's undertaking a course of action because of, not merely in spite of, the action's adverse effects upon an identifiable group." *Raymond*, 317 F. Supp. 3d at 761. Plaintiffs' allegations do not meet this standard. *See, e.g.*, *Clyburn v. Shields*, 33 Fed. App'x. 552, 555 (2d Cir. 2002) (upholding dismissal of claims that were based

---

[1] Your reliance on *Felder v. United States Tennis Ass'n*, 27 F.4th 834 (2d Cir. 2022) is equally misplaced. The *Felder* court did not even mention, much less analyze, the meaning of an "employment agency" under Title VII when it dismissed that plaintiff's claims. Moreover, the *Felder* court noted that the Second Circuit has sharply limited the application of Title VII to third-party "indirect" employers who are alleged to have "interfered" with an employment relationship. *Id*. at *11, n.4 (citing *Gulino v. New York State Educ. Dep't.*, 460 F.3d 361 (2d Cir. 2006) (holding that state education department that required teachers to pass its allegedly discriminatory certification exam was not subject to Title VII liability because it was not their employer)).

on allegation that law school discriminated against applicants by relying on admissions exam that disadvantaged minorities); *see also Raymond*, 317 F.Supp. 3d at 762 (holding that statistical data alone is insufficient to show intentional discrimination because that data does not "make other plausible nondiscriminatory explanations very unlikely"). Because Plaintiffs cannot possibly allege facts to support a finding of intentional discrimination, Plaintiffs should withdraw their Section 1981 claim.

### III. Plaintiffs' NYSHRL Claim Fails Because ASWB Is Not Their "Employer."

The FAC asserts that ASWB violated Plaintiffs' right to non-discriminatory employment opportunities as guaranteed by the NYSHRL. (FAC ¶ 63.) But to state such a claim, Plaintiffs must establish that ASWB is their employer. *Popat v. Levy*, 328 F. Supp. 3d 106, 124 (W.D.N.Y. 2018).[2]

Under the NYSHRL, courts consider four elements when determining whether a defendant can be held liable as an employer: "(1) whether the proposed employer had the power of selection and engagement over the employee; (2) whether the proposed employer made the payment of wages and salary to the employee; (3) whether the proposed employer had the power of dismissal over the employee; and (4) whether the proposed employer had the power to control the employee's conduct." *Gallagher v. Gallagher*, 130 F. Supp. 2d 359, 363 (N.D.N.Y. 2001). "The most important consideration in this analysis is whether the alleged employer exercised control over the employee's conduct and the incidents of his employment." *Id.* It is well established that "[t]he NYSHRL mirrors the[ ] federal obligations" under Title VII. *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014); *Shipkevich v. Staten Island Univ. Hosp.*, No. 08-CV-1008 (FB) (JMA), 2009 WL 1706590, at *3 (E.D.N.Y. June 16, 2009) ("The analysis used to determine whether an entity is an individual's employer pursuant to the [NYSHRL] . . . is substantially the same as that used under Title VII.").

The FAC does not allege any facts that would satisfy the elements established by *Gallagher*. There are no allegations that ASWB had the power to select or engage any of the Plaintiffs as employees, made payments of any kind to any plaintiff, had the power to dismiss any plaintiffs from employment, or had the power to control Plaintiffs' conduct. Plaintiffs' NYSHRL claims therefore fail for the same reason their Title VII claims fail—ASWB is not their employer.

\*   \*   \*

For the foregoing reasons, and without waiving any other available arguments or defenses, ASWB requests that Plaintiffs withdraw their Amended Complaint in its entirety and with prejudice. Please advise as to how Plaintiffs intend to proceed, consistent with Judge Karas' Rule II(A).

Sincerely,

*/s/ Jennifer A. Semko*

Jennifer Ancona Semko

cc:   The Honorable Kenneth M. Karas, U.S.D.J. (via ECF)
      All counsel of record

---

[2] There is an additional basis for dismissing Plaintiffs' NYSHRL claim. Specifically, the FAC asserts that because the Court has federal question jurisdiction over Plaintiffs' federal claims, it should exercise supplemental jurisdiction over the NYSHRL claim. (FAC at ¶11). Thus, if Plaintiffs' Title VII and Section 1981 claims are dismissed, the NYSHRL claim should be dismissed as well. *See, e.g.*, *Covington*, 2015 WL 3746338, at *17-19 (rejecting supplemental jurisdiction over state discrimination claim after federal claims were dismissed); *Henry v. NYC Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 413 (S.D.N.Y. 2014) (same).